Bernard R. Mazaheri
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Arizona Bar Number 034891
Email - bernie@thelaborfirm.com
Tel – (602) 529-4935

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Christina Arrington, individually & on behalf of all similarly situated, | No. |
| Plaintiff(s), | COMPLAINT |
| v. | |
| Rainwater LLC, | |
| Defendant. | |

DATED this 23rd day of August, 2019

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Attorney for Plaintiff Arrington

1. The named Plaintiff, Christina Arrington, on her own behalf and on behalf of all similarly situated, sues Defendant, Rainwater LLC doing business as Vinyasa Fit Studios which consists of Bend Hot Yoga and Vinyasa Fit, for violating the minimum wage provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206.

2. The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. Plaintiff is a resident of Oregon.

4. Defendant is a resident of Yavapai County, Arizona.

5. On September 6, 2018, Defendant provided named Plaintiff with a "New Hire Packet."

6. Defendant provides a "New Hire Packet" to all newly hired yoga instructors.

7. Both Plaintiff(s) and Defendant sign the packet.

8. Named Plaintiff worked for Defendant from September 2018 through April 2019.

9. Defendant did not pay named Plaintiff at least the minimum wage on a weekly basis from on or about September 4, 2018 through on or about

December 10, 2018.

10. Defendant willfully violated the FLSA by not paying minimum wages to Plaintiff(s) in all weeks worked without the past three years.

11. Plaintiff(s) consist of any individuals that signed a position agreement for instructor, and worked one or more workweeks as "trainee" or "probationary employee" or "instructor" without receiving at least the minimum wage.

12. Plaintiff(s) are entitled to minimum wages for each week of work.

13. Plaintiff(s) are yoga instructors.

14. Named Plaintiff worked for Defendant as a yoga instructor.

15. Named Plaintiff was a certified yoga instructor prior to September 2018.

16. Plaintiff(s) are certified yoga instructors.

17. Defendant employs yoga instructors.

18. Defendant utilizes a yellow dog contract to intentionally deprive and delay a portion of its yoga instructors from payment of minimum wages during their first few months of employment.

19. Defendant does not pay Plaintiff(s) for all hours worked.

20. Defendant has annual gross revenues in excess of $500,000.00 per year.

21. Defendant employs employees that handle goods or materials that have moved in interstate commerce such as yoga mats, microphones, computers, pens, paper, music, etc.

22. Defendant is in the business of yoga.

23. Defendant operates two yoga studios in Arizona.

24. Defendant failed to pay minimum wages to Plaintiff(s) within the past three years.

25. Defendant does not immediately pay its instructors.

26. Before an instructor is permitted to work the instructor must complete employee paperwork, sign a position agreement, sign a non-disclosure agreement and sign an employee handbook agreement.

27. Defendant mandates that all instructors have a minimum 200-hour Yoga alliance certification from an approved school or certification program before beginning to work or executing new hire paperwork.

28. Although Defendant claims that it provides "training" to new hires, Defendant's training is not a substitute to a vocational school.

29. Due to the fact that Defendant requires that all its new hires have a yoga instructor certificate the so-called "training" it provides is not for the benefit of the new hires.

30. Defendant benefits from its yoga instructors.

31. Plaintiff(s) must commit to a minimum of a 6-month employment agreement in order to get paid by Defendant.

32. Defendant had the authority to hire Plaintiff(s).

33. Defendant had the authority to terminate Plaintiff(s).

34. Defendant directs how Plaintiff(s) are to dress.

35. Defendant provides written guidance to Plaintiff(s) on dating employees and students, which Defendant permits with specific requirements.

36. Defendant controls communication of Plaintiff(s) with friends as it relates to its yoga business.

37. Defendant's handbook declares that the starting wage for "training" is $10.00 per hour.

38. Defendant's handbook declares that the starting wage for "starting instructors" is $22.50 per class.

39. Defendant expects that Plaintiff(s) will prepare for class.

40. Plaintiff(s) spend time preparing for class.

41. Defendant does not compensate Plaintiff(s) for preparing for class.

42. Plaintiff(s) have to prepare for classes.

43. For example, the selection of music for a class is very important.

44. It takes time to select music for a yoga class.

45. Defendant is aware of the range of time that it takes for Plaintiff(s) to select music for a class, yet it chooses not to compensate any of its instructors for this time.

46. Defendant has a policy of only paying instructors that it does not classify as a "trainee" per class.

47. Defendant's instructor pay policy does not always compensate employees for at least the minimum wage on a weekly basis.

48. Defendant has a policy of not paying instructors "training pay" unless they complete a "90 days probationary period" which only starts after a solo class and remain on Defendant's schedule for six months.

49. Defendant's aforementioned policies and pay practices violate the FLSA.

50. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

51. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s).

52. Defendant is Plaintiff(s) employer as defined by 29 U.S.C. § 203(d).

53. Defendant was required to compensate Plaintiff(s) pursuant to the FLSA's minimum wage and overtime provisions.

54. Plaintiff(s) are non-exempt employees.

55. Both Plaintiff(s) and Defendant expect that Plaintiff(s) will work for Defendant for at least six months when the "training" commences.

Wherefore, Plaintiff(s) demand trial by jury, judgment, facilitation of notice to all putative class members, class certification pursuant to Section 16(b) of the FLSA, back pay, liquidated damages, attorneys' fees, costs and any other relief the Court deems appropriate.

Respectfully submitted this 23rd day of August, 2019.

/s/ Bernard R. Mazaheri
Bernard R. Mazaheri
Mazaheri & Mazaheri
325 Shelby Street
Frankfort, Kentucky 40601
Arizona Bar Number 034891
Email - bernie@thelaborfirm.com
Tel – (602) 529-4935
Attorney for Plaintiff Arrington